

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-08-355-CR**

---

SCOTT ANTHONY GOMEZ                         APPELLANT

V.

THE STATE OF TEXAS                           STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Scott Anthony Gomez appeals his conviction for aggravated robbery. We affirm.

Akber Tejani was working alone in a convenience store when appellant walked in wearing a ski mask over his face and mis-matched gloves on his hands and carrying a metal pipe. Appellant struck Akber with the pipe,

---

[1] *See* Tex. R. App. P. 47.4.

knocking him to the floor, and demanded money from the cash register.  As Akber started to open the register, Rhonda Miller walked in to buy cigarettes, whereupon appellant exited the store.  Rhonda's husband Bryan had been waiting in his truck at the gas pump.  When he saw appellant come out wearing a ski mask, he yelled, "Hey," and appellant took off running.  Bryan went into the store to check on his wife.  She confirmed that she was all right, and Akber told him that he had been robbed.  While Akber dialed 911, Bryan turned around, chased appellant, and tackled him in a nearby field where he held him until the police arrived.

Appellant was arrested and charged with aggravated robbery with a deadly weapon, namely, a steel pipe.  A jury found him guilty and assessed his punishment at eighteen years' confinement.  The trial court sentenced him accordingly.

In six points, appellant challenges the legal and factual sufficiency of the evidence to support the deadly weapon finding.  When reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether a rational juror, based on the evidence and reasonable inferences supported by the evidence, could have

2

found the essential elements of the crime beyond a reasonable doubt.[2] When reviewing factual sufficiency, we view all the evidence in a neutral light, favoring neither party.[3] We then ask whether the evidence supporting the verdict, although legally sufficient, is nevertheless so weak that the jury's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the verdict that the jury's determination is manifestly unjust.[4]

In his first four points, appellant asserts that the evidence is legally and factually insufficient to prove that he used or exhibited a pipe during the offense, or if the evidence is sufficient to show that he did use a pipe, it is nevertheless legally and factually insufficient to show that the pipe admitted at trial was the one he used.

Akber testified that a man wearing a mask entered the store carrying an "iron rod" or a "metal pipe" curved into a hook shape on one end, hit him in the chest and on the back with it, and told him he wanted money from the register.

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[3] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[4] *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

The State offered State's Exhibit 26 as the pipe used in the robbery and recovered by police in the field where appellant was caught. Hood County Sheriff's Investigator Johnny Rose testified that Akber told him that State's Exhibit 26 was the pipe that the masked man beat him with. Bryan Miller testified that after seeing appellant exit the store, he chased him into a field and tackled him, which caused him to drop State's Exhibit 26. Investigator Rose testified that he had collected State's Exhibit 26 from the field where appellant was arrested and that it was same object that Akber had identified as the weapon appellant had hit him with.

Viewed in the light most favorable to the verdict, the evidence is legally sufficient to support a rational juror's belief beyond a reasonable doubt that appellant used or exhibited the pipe admitted as State's Exhibit 26 during the robbery.[5] We, therefore, overrule appellant's first and third points.

Having held the evidence legally sufficient, we now consider whether the evidence is factually sufficient. Appellant testified that he did not have a pipe in the store but that he picked one up on the side of the road as he fled. Rhonda and Bryan Miller both testified that they got a close look at appellant leaving the store, but they did not see him carrying a pipe at that time. Rhonda

---

[5] *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton,* 235 S.W.3d at 778.

4

testified that she never saw a pipe. Bryan testified that he first noticed a pipe in appellant's hand when he tackled him in the field, but on a 911 tape admitted as State's Exhibit 34, Bryan's voice can be heard yelling at appellant, "You walked out of that F'n store with a pipe."

Akber is the only witness other than appellant who was present during the robbery. Only Akber testified that appellant used the pipe to commit the offense. Although appellant points to parts of Akber's testimony in which he appears to indicate that State's Exhibit 26 was not the pipe used in the robbery, at other points in the record, he repeatedly affirmed that State's Exhibit 26 was the same pipe with which he was attacked.

Appellant argues that Akber's testimony is not credible because it conflicts at various points in the record and Akber had difficulty speaking English, therefore, he could not properly communicate facts to the investigating officers or to the jury.

In his own testimony, appellant admitted that he had the pipe in his hand as he fled the scene. Investigator Rose testified that he collected State's Exhibit 26 from the field where appellant was caught. After arresting appellant, he showed State's Exhibit 26 to Akber, whereupon Akber pointed, nodded his head, and made a cowering gesture.

5

Reviewing the entire record in a neutral light and deferring to the jury's determination of the weight to be given conflicting testimonial evidence, we hold that the jury's resolution of conflicts in the testimony is not clearly wrong or manifestly unjust.[6] Accordingly, we hold that the evidence is factually sufficient to show that appellant used the pipe admitted as State's Exhibit 26, and we overrule appellant's second and fourth points.

In his fifth and sixth points, appellant contends that the evidence is legally and factually insufficient to prove that the pipe, in the manner of its use or intended use, was capable of causing death or serious bodily injury.

A "deadly weapon" is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.[7] Akber testified that appellant struck him on the chest and back with State's Exhibit 26, knocking him to the floor. On the day of the offense, he reported to Investigator Rose how appellant had hit him with the pipe. Investigator Rose testified that, in his opinion, based on his training and experience, State's Exhibit 26 was capable

---

[6] *Johnson v. State*, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).

[7] *See* Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2008).

of causing death or serious bodily injury when used in the manner Akber had described to him.[8]

Viewed in the light most favorable to the verdict, the evidence is legally sufficient to support a rational juror's belief beyond a reasonable doubt that the pipe was capable of causing death or serious bodily injury in the manner in which it was used.  We overrule point five.

In point six, appellant argues that the evidence is factually insufficient to prove that the pipe was capable of causing death or serious bodily injury in the manner in which it was used because Akber suffered no serious bodily injuries. By definition, a deadly weapon need not actually cause serious bodily injury or death in order to support a deadly weapon finding; it need only be *capable* of causing death or serious bodily injury in the manner of its use.[9]  As discussed above, Investigator Rose testified that based on his training and experience, State's Exhibit 26 was capable of causing death or serious bodily injury in the manner in which it was used or intended to be used.[10]

---

[8] *See generally Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008) (stating that police officers may be considered experts in what is considered to be a deadly weapon).

[9] *See* Tex. Penal Code Ann. § 1.07(a)(17)(B).

[10] *See Tucker*, 274 S.W.3d at 692.

7

After examining the entire record, we cannot say that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the jury's verdict.[11]  Accordingly, we hold that the evidence is factually sufficient to determine that the pipe used was capable of causing death or serious bodily injury in the manner in which it was used.  Therefore, we overrule appellant's sixth point.[12]

Having overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 20, 2009

[11] *Watson*, 204 S.W.3d at 417.

[12] *See Neal,* 256 S.W.3d at 275; *Watson,* 204 S.W.3d at 414.